IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br><br>Plaintiff,<br><br>v.<br><br>DENNY'S, INC.,<br>203 East Main Street<br>Spartanburg, SC 29319<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of disability and to provide appropriate relief to Charging Party Paula Hart and a class of presently unidentified aggrieved persons with disabilities who were adversely affected by such practices. As alleged with greater particularity in paragraphs 9-13, below, the U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant Denny's, Inc. ("Defendant") committed disability discrimination in violation of the ADA by discharging Paula Hart because of her disability and by denying her reasonable accommodation. As alleged with greater particularity in paragraph 14, below, the Commission further alleges that since at least September 2000, Defendant has committed disability discrimination in violation of the ADA by discharging a class of presently unidentified aggrieved employees with disabilities because of

their disabilities and by denying those employees reasonable accommodation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3) and 2000e-6; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division, and other jurisdictions.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3) and 2000e-6.

4. At all relevant times, Defendant Denny's, Inc., a California corporation, has continuously been doing business in the State of Maryland and the County of Baltimore, as well as other jurisdictions, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.§

12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Paula Hart filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least September 2000, Defendant has engaged in a continuing course of unlawful employment practices at its facilities in Maryland and throughout the United States in violation of Sections 102(a), (b)(1), & (b)(5)(A) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1), & (b)(5)(A).

9. Since December 2002, Paula Hart has been a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8). Since that time, Ms. Hart has had a physical impairment/anatomical loss that has caused her to be substantially limited in performing major life activities, including but not limited to walking.

10. On or about April 16, 2003, Defendant denied Paula Hart reasonable accommodations in the form of return to work with the reasonable accommodations of temporary modified work schedule, modified job duties, use of assistive devices for ambulation and performance of essential job functions, and/or reassignment to a vacant position in violation of the ADA.

11. On or about April 16, 2003, Defendant refused to permit Paula Hart to return to work

because of her disability in violation of the ADA.

12. On or about May 8, 2003, Defendant denied Paula Hart reasonable accommodations in the form of return to work with the reasonable accommodations of temporary modified work schedule, modified job duties, use of assistive devices for ambulation and performance of essential job functions, reassignment to a vacant position, and/or additional unpaid medical leave in violation of the ADA.

13. On or about May 8, 2003, Defendant discharged Paula Hart because of her disability in violation of the ADA.

14. Since at least September 2000, Defendant has maintained a policy and practice of limiting employee medical leaves (whether continuous or intermittent/reduced) to no more than a maximum of 26 weeks, and in some cases 12 weeks, regardless of whether those employees are disabled within the meaning of the ADA and require additional medical leave, in any combination of paid or unpaid, as a form of reasonable accommodation. Through this policy or practice, Defendant has subjected a class of presently unidentified qualified individuals with disabilities to denial of reasonable accommodation and discharge because of disability in violation of the ADA.

15. The effect of the practices complained of in paragraphs 8-14, above, has been to deprive Paula Hart and a class of presently unidentified qualified individuals with disabilities of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

16. The unlawful employment practices complained of in paragraphs 8-14, above, were intentional.

17. The unlawful employment practices complained of in paragraphs 8-14, above, were

done with malice or with reckless indifference to the federally protected rights of Paula Hart and a class of presently unidentified qualified individuals with disabilities.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, including discharge because of disability and denial of reasonable accommodation, and any other employment practice which discriminates on the basis of disability.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and applicants, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its maximum medical leave and maximum intermittent medical leave policy to state that the Defendant shall make exceptions to the policy and provide additional medical leave beyond the maximum otherwise allowed under that policy when required by the ADA as a reasonable accommodation for employees with disabilities; (ii) publicize that amendment to all present and future employees; (iii) adhere to the amendment; and (iv) notify all former employees discharged under the aforementioned policy before it was amended of this action, its disposition, and the amendment.

C.  Order Defendant to pay Paula Hart appropriate back pay in amounts to be determined at trial, prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant to pay the class of presently unidentified aggrieved employees with

disabilities appropriate back pay in amounts to be determined at trial, prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement or front pay in lieu thereof.

E. Order Defendant to make whole Paula Hart and the class of presently unidentified aggrieved employees with disabilities by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-14, above, in amounts to be determined at trial.

F. Order Defendant to make whole Paula Hart and the class of presently unidentified aggrieved employees with disabilities by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8-14, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

G. Order Defendant to pay Paula Hart and the class of presently unidentified aggrieved employees with disabilities punitive damages for the malicious and reckless conduct described in paragraphs 8-14, above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Jacqueline H. McNair* By *Ronald L. Phillips per Authorization*

JACQUELINE H. MCNAIR
Regional Attorney
EEOC-Philadelphia District Office
(including Baltimore Field Office)
City Crescent Building, 3rd Floor
10 S. Howard St.
Baltimore, MD 21201
Office #: (215) 440-2666
Facsimile #: (215) 440-2600

_____
DEBRA M. LAWRENCE (Bar No. 04312)
Supervisory Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 962-4349
Facsimile number: (410) 962-4270/2817

_____
RONALD L. PHILLIPS
Senior Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 962-4628
Facsimile #: (410) 962-4270/2817