```
              IN THE UNITED STATES DISTRICT COURT FOR
              THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
EQUAL EMPLOYMENT OPPORTUNITY      *
COMMISSION,
                                  *
     Plaintiff,
                                  *
         v.                             CIVIL NO.: WDQ-06-2527
                                  *
DENNY'S, INC.,
                                  *
     Defendant.
                                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

The Equal Employment Opportunity Commission ("EEOC") sued Denny's for failing to provide reasonable accommodation for disabled employees. Pending is Denny's objection to Judge Grimm's Letter Order of July 17, 2009. For the following reasons, the objection will be overruled.

I. Background

This employment discrimination action brought under Title I of the Americans With Disabilities Act ("ADA") stems from a 2003 EEOC charge filed in Baltimore by Paula Hart, a former Denny's restaurant manager. Compl. ¶¶ 7, 14-15. When this suit was filed on September 26, 2006, the EEOC had not identified other disabled Denny's employees who had been discriminated against. Compl. ¶¶ 14-15. On September 7, 2007, this case was referred to Magistrate Judge Paul Grimm for discovery and related scheduling matters. Paper No. 23.

Initial discovery identified 36 former employees from 14 different states as potential claimants.  Pl. Letter Brief at 1.  Only claimant Paula Hart resides in[1] or was ever employed by Denny's in the District of Maryland.  *Id*.

On July 17, 2009, Judge Grimm, by Letter Order, required Denny's to depose out-of-state claimants either by videotape or "within the subpoena range of Rule 45."  Letter Or. at 1.  On July 31, 2009, Denny's objected to Judge Grimm's order that potential claimants need not appear for depositions in this district.  Def. Obj. at 1.

II. Analysis

   A.   Standard of Review

Under Local Rule 301.5.a, "[a] District Judge may reconsider, modify, or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."  *See also* Fed. R. Civ. P. 72(a).  The district court reviews the factual findings of a magistrate judge's decision for clear error and conclusions of law *de novo*.  *Int'l Assoc. of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 485 (D. Md. 2005).  Because the defendants assert that Judge Grimm committed clear legal error, this Court will review his legal findings *de novo*.

---

[1] None of the 36 claimants lives within 100 miles of the District of Maryland.  *Id*.

B.   Discussion

The district court "has broad authority to limit discovery and prescribe alternative discovery mechanisms." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009); *see also* Fed. R. Civ. P. 26(b)(2)(C) & (c)(1).  This authority extends to locating depositions to maximize the efficiency and reduce the cost of the process.  *See Geer v. Challenge Financial Investors Corp.*, No. 05-1109-JTM, 2007 WL 1341774, at *3 (D. Kan. May 4, 2007).

A non-party who makes a timely objection is never required to appear for a deposition "more than 100 miles from the place that [person] resides, is employed or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(3)(A)(ii).[2] Plaintiffs, by contrast, generally must make themselves "available for examination in the district in which suit was brought."  8A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2112 (2d ed. 2009).  Under some circumstances, plaintiffs remote from the litigation forum may also elect to be deposed near their residences.[3]

---

[2] A non-party may be subpoenaed to appear for a deposition only if he lives within 100 miles of a deposition location in the district where the suit is pending.  *See* Fed. R. Civ. P. 45(b)(2) & (c)(3)(A)(ii).

[3] *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Col. 1993) (absent exceptional or unusual circumstances, a deponent at a substantial distance from the forum should be deposed near his residence even if he is a party); *see also*

3

This dispute centers on whether the 36 out-of-state EEOC claimants are "parties" to this suit.[4]  Denny's argues that the named EEOC claimants are parties because they "agreed to participate in this case and to receive the benefit of any monetary relief awarded."  Def. Obj. at 5.  The EEOC counters that it is the sole plaintiff in this case because "it is not a proxy for or in privity with the individuals for whom it seeks relief in this action, and it controls all decisions regarding filing and prosecution of claims in this case."  Pl. Letter Brief at 2.

Finding that the EEOC claimants were "not formal parties to this litigation," Judge Grimm held they would not be required to appear for deposition outside the Rule 45 subpoena range.  Letter Or. at 1.[5]  This Court agrees that the EEOC claimants are not

---

Wright & Miller, *supra*, § 2112 (for example, "examination has been ordered held elsewhere when plaintiff was physically and financially unable to come to the forum, when to do so would cause hardship to the plaintiff, and when it would be simpler and fairer to take his or her deposition at his or her place of residence.").

[4] The EEOC and Denny's agree that the EEOC claimants should be deposed near their residences if they are non-parties.  *See* Def. Letter Brief at 3; Pl. Letter Brief at 2.

[5] Judge Grimm weighed the cost-benefit factors in Rule 26(b)(2)(c) and noted that "there is not an extensive factual record to support the EEOC's assertion that many of the . . . out-of-state claimants have disabilities of such a nature as to make it a burden on them to travel to Maryland for depositions." Letter Order at 1.

plaintiffs.[6]

Treating the claimants as plaintiffs would require them to bear the inconvenience and expense of traveling to this district for deposition.  The potential claimants did not initiate this suit or select Maryland as a forum.[7]  Thus, for depositions, the potential claimants are non-parties and should be deposed within the Rule 45 subpoena range of their residences.

Judge Grimm found that video depositions of remote claimants may be taken,[8] and the EEOC has offered to share that cost.[9]  If Denny's wishes to conduct in-person depositions, it must bear the associated costs unless it can show that video deposition of a particular, potential claimant is insufficient.[10]

---

[6] *But see*, E.E.O.C. v. W&O, Inc., 213 F.3d 600, 613 (11th Cir. 2000) (EEOC claimants may recover the full statutory damages like independent plaintiffs).  Also like plaintiffs, the potential claimants have attorney-client privileges and may not be contacted directly by Denny's.  *See* Def. Letter Brief at 1-2.

[7] Plaintiffs are generally required to appear for deposition where they filed suit because they initiated suit and chose the forum.  *See United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. April 19, 1999); Wright & Miller, *supra*, § 2112.  EEOC is "master of its own case" and has "the authority to evaluate the strength of the public interest at stake."  *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 292 (2002).

[8] Letter Or. at 1.

[9] Pl. Letter Brief at 4.

[10] Denny's argues generally that video depositions are inadequate because the claims involve "complicated and document-intensive issues of fact."  Def. Reply at 2.  If Denny's can show that remote depositions of certain claimants is unreasonable then it may seek cost sharing with the EEOC for in-person depositions. *See Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (Magistrate

5

This decision does not preclude in-person depositions. Under Judge Grimm's Order, Denny's may choose either to travel and take in-person depositions or to take video depositions of the out-of-state claimants.

III. Conclusion

For the reasons stated above, Denny's objection to Judge Grimm's Letter Order of July 17, 2009, will be overruled.

October 2, 2009                              /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge

---

Judge reserved the right to order a follow-up in-person deposition when the defendant could demonstrate an inability to conduct a meaningful deposition by telephone or videoconference).