## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                   )
                             )
    Plaintiff,           )
                             )
v.                           )    **Case No. WDQ-06-CV-2527**
                             )
DENNY'S, INC.,               )
                             )
    Defendant.           )
_____)

### CONSENT DECREE

Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), commenced this action on September 26, 2006, in the United States District Court for the District of Maryland (Northern Division) against Defendant Denny's, Inc. ("Defendant"). In its Complaint, the Commission alleged that Defendant engaged in unlawful employment practices by subjecting Charging Party Paula Hart to denial of reasonable accommodation, denial of return to work, and discharge because of her disability, and further subjected a class of aggrieved employees to denial of reasonable accommodation and discharge because of their disabilities in violation of Title I of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12111, et seq. ("ADA"). In its Answer, Defendant has denied any violations of the ADA.

As a result of settlement discussions, the Commission and Defendant desire to resolve this action and all issues raised by the Complaint without the time and expense of contested litigation.

The parties acknowledge the jurisdiction of the United States District Court for the District of Maryland (Northern Division) over the subject matter and over the parties to this case for the purpose of entering this Consent Decree and, if necessary, enforcing this Decree.

The Court, having examined the terms and provisions of the Consent Decree, finds that it is reasonable and just in accordance with the Federal Rules of Civil Procedure and the ADA. The entry of this Consent Decree will further the objectives of the ADA and will be in the best interests of the parties and those for whom the EEOC seeks relief.

This Decree constitutes a full discharge and satisfaction of any and all claims which have been alleged in the Complaint filed in this ADA action by the EEOC based on the EEOC's administrative determination regarding its investigation of the charge filed by Paula Hart (EEOC administrative charge number 120-2004-01756C).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

<u>NON-DISCRIMINATION</u>

1.      Defendant, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with them or any of them are enjoined from any present or future violations of the ADA that include denying qualified individuals with disabilities medical leave as a reasonable accommodation and other reasonable accommodations incident to return from medical leave when such accommodations are not an undue hardship, discharging qualified individuals with disabilities as a result of unlawful denial of medical leave or other reasonable accommodations incident to return from medical leave, and implementing medical leave policies containing maximum duration of leave provisions that do not provide exceptions to such provisions when necessary to provide reasonable accommodation to qualified individuals with disabilities.

2

## NON-RETALIATION

2.     Defendant, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with them or any of them are enjoined from, and shall not engage in, reprisal or retaliation of any kind against any person because such person, either in the past or in the future: (a) opposed any practice made unlawful or reasonably believed to be unlawful under the ADA; (b) filed a charge of discrimination with the Commission or any fair employment practices agency under the ADA or raising medical leave issues under any statute within the jurisdiction of EEOC; (c) was identified as a potential witness for the EEOC in this action; (d) requested and/or received relief in accordance with this Decree; (e) participated in any manner in an action under the ADA or in any investigation giving rise to such action; or (f) asserted any rights under this Decree. In this regard, Defendant shall not take any action against any person(s) which constitutes intimidation, coercion, retaliation, harassment, or interference with the exercise of such person's rights under the ADA because of the filing of Charge No. 120-2004-01756C with the EEOC, which form the basis for this case, or because such person(s) gave testimony or assistance, or participated in any manner in any investigation or proceeding in connection with this case under the ADA.

## RECORD-KEEPING

3.     Defendant shall comply with all applicable record-keeping requirements of 29 C.F.R. § 1602.14.

## COVERED FACILITIES

4.     The provisions of this Consent Decree shall apply to all of Defendant's facilities, work sites, and other locations of its operations.

3

### DURATION OF DECREE

5.      This Consent Decree shall be in effect for a period of two (2) years from the date it is entered by the Court.

### MONETARY RELIEF: CLASS OF AGGRIEVED PERSONS

6.      Defendant shall pay a total of $1,300,000 in monetary relief to EEOC Claimants in this case. The EEOC Claimants who will receive such payments and the amounts of those payments for each such person are identified in Attachment A to this Decree. Of the monetary amount listed in Attachment A for each individual Claimant, 25% of the amount shall be considered back pay and 75% of the amount shall be considered compensatory damages.

7.      Within fourteen (14) days of entry of this Decree, Defendant will deliver two checks, one constituting back pay and the other constituting compensatory damages, in the amounts identified by EEOC (less any applicable local, state and federal withholding taxes regarding any amounts designated as back pay) to each Claimant listed in Attachment A by certified mail or by express delivery service at the address provided by the EEOC. Along with the checks, Defendant shall include a separate statement itemizing the amounts of each category of tax withholding from the back pay. Defendant shall calculate the tax withholdings by using relevant withholdings information contained in its records concerning each Claimant or, where such records no longer exist, by other objectively reasonable means. Within seven (7) days of the aforementioned payment, Defendant shall send a photocopy of the check payable to the Claimant and withholding itemization, along with a photocopy of the Certified Mail receipt or other documentation of delivery, to Supervisory Trial Attorney Ronald L. Phillips of the EEOC's Baltimore Field Office.

Case 1:06-cv-02527-WDQ   Document 88-1   Filed 06/20/11   Page 5 of 24

8.      In the event that the above-referenced payment cannot be delivered to one or more of the Claimants at the address provided, Defendant shall promptly contact EEOC Supervisory Trial Attorney Ronald L. Phillips to obtain a current address for such Claimants for the purpose of prompt Certified Mail delivery or express delivery service, or, if a current mailing address is not available, to otherwise make arrangements for prompt payment. Defendant shall thereafter promptly report any efforts made to deliver payment and shall exercise due diligence to complete such delivery.

9.      After the conclusion of the calendar year in which payment is made to Claimants, Defendant shall promptly issue to all such Claimants an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-Misc for the monetary relief amount constituting compensatory damages. Each claimant shall be fully responsible for payment of all taxes concerning monetary amounts reflected in the IRS Form 1099-Misc.

### OFFERS OF REINSTATEMENT: CLASS OF AGGRIEVED PERSONS

10.     Defendant shall offer to reinstate all Claimants identified in Attachment B to the positions they held at the time of their discharges by Defendant, to include the present pay rate for such positions, any and all applicable benefits, and retroactive seniority to include seniority credit for all previous periods of employment as well as the period commencing on the dates of their discharges up to and including the dates of their reinstatement. Such offers shall be made as soon as practicable for the first positions that become available after this Decree is entered by the Court, that are located at a facility operated by Defendant (as opposed to franchisee), and that are within a reasonable commute from the Claimants' residence. Defendant shall provide retraining or refresher training to such Claimants as reasonably warranted under the circumstances. The Claimants shall have fourteen (14) calendar days after receipt of such offers to accept them, and if not accepted

within that period, they shall be considered rejected. Each offer shall be made in writing and shall identify the position offered, the pay rate for such position, any and all applicable benefits (if any), the start date, contact person, the fact that the offer must be accepted within fourteen (14) days or it is considered rejected, the geographic location of the job in question (including the store number and street address), and the name and title of the persons who will serve as the Claimants' immediate supervisors. In addition, each such offer shall prominently and explicitly state (a) that Defendant will provide the Claimants with reasonable accommodations for any disabilities that are required by law to enable the Claimants to perform essential job functions, obtain equal benefits and privileges of employment as compared to non-disabled employees, and/or obtain disability-related medical treatment and recovery and (b) that Defendant will also offer reinstatement to alternative positions, if available, if the Claimants believe they cannot perform their previous position with or without reasonable accommodation. Defendant shall mail each of the aforementioned reinstatement offers by certified mail or by express delivery service. Within seven (7) days of each offer, as well as receipt of any Claimant response to such offers, Defendant shall send a photocopy of the offer and response (if any), along with a photocopy of the Certified Mail receipt or other evidence of delivery, to EEOC counsel of record in this matter.

11.    Upon any Claimant's acceptance of a reinstatement offer, Defendant may make such disability-related inquiries and examinations regarding the Claimants as are permitted by the ADA. Defendant shall make any and all reasonable accommodations required by law for such Claimants. If any Claimant who has accepted a reinstatement offer cannot perform essential job functions with or without reasonable accommodation or constitutes a direct threat within the meaning of the ADA that cannot be eliminated or

sufficiently reduced with reasonable accommodation, Defendant may withdraw the reinstatement offer.  If Defendant withdraws any reinstatement offer, its decision shall be subject to review by the EEOC and, in accordance with procedures set forth in Paragraph 24 of this Decree, by the Court.  Defendant shall provide prompt written notice to the Claimant(s) in question of any decision to withdraw a reinstatement offer and the bases for that decision.   Contemporaneous with any written notice of withdrawal to the Claimants, Defendant shall send to EEOC counsel of record a copy of that notice and a report setting forth the following information: (a) the name of Claimant whose offer of reinstatement was withdrawn; (b) the reason(s) for withdrawing the offer; (c) any and all facts forming the basis for such reason(s); (d) the identity of any and all persons who participated in the decision to withdraw the offer and nature of their participation; (e) the identity of any and all persons with whom Defendant consulted regarding the decision to withdraw the offer; and (f) copies of any and all documents considered in reaching the decision to withdraw the offer.

EQUITABLE RELIEF: MEDICAL LEAVE POLICY MODIFICATION AND PUBLICATION

12.    To the extent it has not already done so prior to entry of this Decree, Defendant shall ensure that any and all policies related to medical leaves of absence explicitly and prominently state (a) that the Defendant has modified its prior policies and will now make exceptions to any maximum leave duration provisions by providing additional unpaid medical leave beyond the maximum allowed by its policies when necessary to provide reasonable accommodation to employees with disabilities and (b) that any employee who requires additional medical leave beyond Defendant's maximum duration should make a reasonable accommodation request for such leave in accordance with Defendant's procedures.  Within thirty (30) days of entry of this Decree, Defendant shall disseminate a

copy of its modified medical leave policies to all employees and provide to EEOC counsel of record a copy of all policies related to medical leave required to be modified by this Decree and a declaration from a responsible Defendant official authenticating the modified policies and verifying that they have been disseminated to all employees.

EQUITABLE RELIEF: REPORTS TO EEOC OF DISCRIMINATION
ALLEGATIONS AND WITNESSED CONDUCT

13.     Defendant shall submit, through its counsel, written notification to the Commission regarding any and all charges, complaints or reports (i.e., internal complaints or official allegations) of denial of medical leave-based reasonable accommodation and any action taken by Defendant in response to the complaints or reports, as well as all documentation related to the allegations, investigation and disposition of the charge, complaint or report. Defendant's notification to the Commission, through its counsel, must be sent to the Commission's Baltimore Field Office, to the attention of Supervisory Trial Attorney Ronald L. Phillips, within thirty (30) days of any charges, complaints or reports.   Such notifications must be updated and sent to the Commission's Baltimore Field Office every thirty (30) days thereafter until final action is taken by Defendant on the charge, complaint or report.  Defendant shall append to all notifications required by this provision of the Decree any and all non-privileged documents generated or obtained in the course of its investigations, including, but not limited to, any investigatory reports, memoranda, notes, witness statements, affidavits or other investigation-related materials.

EQUITABLE RELIEF: POLICIES AND TRAINING

14.     To the extent it has not already done so prior to entry of this Decree, Defendant shall undertake good faith, reasonably diligent efforts to update its policies, practices and procedures related to reasonable accommodations for the purpose of fostering compliance

with the ADA. In furtherance of this requirement, within ninety (90) days of entry of this Decree by the Court, Defendant shall conduct a comprehensive study of its policies, practices and procedures related to reasonable accommodation of employees (including but not limited to requesting, identifying, and providing accommodations, as well as training and employee technical proficiency related thereto) and make recommendations to improve such policies, practices and procedures. Defendant shall complete such review in a reasonably prompt fashion. Within ninety (90) days of completing its review and formulating recommendations, Defendant shall provide EEOC with a written description of the recommended changes to its policies, practices and procedures related to reasonable accommodation of employees, whether they have been or will be implemented, and, if any recommendation will not be implemented, the reason for that decision. However, this provision shall not be construed to require Defendant to produce to EEOC any legal advice Defendant receives from its counsel.

15.   Defendant shall conduct training, available on-line, regarding the ADA consistent with the training module developed by Defendant and described in Attachment C. Defendant shall commence use of this training module within one hundred twenty (120) days of entry of this Decree, and Defendant shall require all personnel designated to receive such training in Attachment C to complete the training not later than 300 days after entry of this Decree.

16.   Not later than sixty (60) days after entry of this Decree by the Court, Defendant shall establish a database - published and accessible to all personnel who make decisions regarding identification or conferral of reasonable accommodation - that specifically identifies and fully describes representative examples of the full range of workplace accommodations that have been provided by Defendant; the names, job titles, area of

9

expertise, and contact information of all outside personnel who were consulted in identifying such accommodations; and the name, title and point-of-contact information of one or more Defendant officials involved in the decision-making process regarding the accommodation identified.   The purpose of such database shall be to serve as an informational resource for Defendant personnel charged with identifying reasonable accommodations.   The database shall not identify the names of employees given the accommodations or the work locations of such persons, and any inquiries by Defendant's personnel regarding the accommodations listed shall be answered by Defendant officials in an manner consistent with confidentiality requirements regarding medical information or history set forth in the ADA (42 U.S.C. § 12112(d)) and EEOC Regulations related thereto. Defendant shall update this database annually.

17.      Reasonable Accommodation Tracking System: To the extent it has not already done so prior to entry of this Decree, Defendant's human resource department shall adopt and maintain an electronic tracking system for information regarding medical leave-related reasonable accommodations which shall contain, for each person who has requested a reasonable accommodation or regarding whom Defendant has otherwise considered reasonable accommodation on its own initiative, at least the following information: (a) full name and address;  (b) position;  (c) date of request or first consideration for accommodation on Defendant's initiative; (d) work location; (e) medical condition/alleged disability; (f) accommodation requested or considered on Defendant's own initiative; (g) date of disposition of the request or consideration on Defendant's own initiative; (h) whether accommodation was granted; (i) the type of accommodation granted; (j) the name, address and, if applicable, title and area of expertise of any outside person or entity consulted regarding the accommodation; (k) reason the form of accommodation requested

10

by the employee or applicant was denied (if applicable); and (l) the date any accommodation was ended.   Defendant shall maintain aforementioned database throughout the duration of this Decree and provide it to EEOC counsel of record upon reasonable prior written notice of such demand.  Defendant shall assign a management official with reasonable proficiency in ADA and reasonable accommodation matters to review this database semi-annually and to assess whether the data therein suggest any potential denial of such reasonable accommodations in violation of the ADA.  Where the data so suggests, Defendant shall conduct a good faith, reasonably diligent internal investigation of the circumstances in question to determine whether Defendant's personnel acted in conformity with the ADA and with Defendant's own relevant policies.

18.    To the extent it has not already done so prior to entry of this Decree, within sixty (60) days after this Decree is entered by the Court, Defendant shall modify its reasonable accommodation process.   Defendant shall require that any decisions made by field operations and/or human resources personnel to deny a reasonable accommodation requested by an employee returning from short term disability leave or a medical leave extension granted by Defendant where the reasonable accommodation requested is related to/seeks to facilitate that employee's return to work shall be subject to automatic, reasonably prompt review by one of Defendant's officials assigned to its corporate headquarters who shall be responsible for assessing whether any such denials were made in accordance with the ADA and Defendant's non-discriminatory policies and, where warranted by the circumstances, taking corrective action calculated to secure compliance with the ADA and Defendant's non-discriminatory policies.  Defendant shall select and train such official(s) to have the technical proficiency necessary to conduct such reviews, and the official(s) shall possess authority to overrule denial decisions made by Defendant's

field personnel and direct the provision of appropriate reasonable accommodations. Such review shall include analysis of records and, where reasonably necessary after records review, discussion with the relevant employees and outside persons. Defendant shall maintain any and all documents related to such reviews throughout the duration of this Decree and provide them to EEOC counsel of record upon reasonable prior written notice of such demand.

19.   Self-Assessment Auditing: Each year during the operation of this Decree Defendant shall select, at random, a number not less than 5% of the total number of reasonable accommodation reviews of any type made by the Defendant official(s) identified in Paragraph 18 in that year and conduct an audit regarding those decisions to ensure that they were made in conformity with the ADA and with Defendant's own non-discriminatory policies. The audits shall be conducted by Defendant's Legal Department personnel with reasonable proficiency in ADA and reasonable accommodation matters. Such audits shall include review of records and, where reasonably necessary after records review, discussion with the relevant employees and outside persons.

20.   Within six (6) months of entry of this Decree by the Court, Defendant shall institute a procedure which evaluates Defendant's personnel who are involved in making decisions regarding identification and provision of reasonable accommodation regarding their compliance with the ADA and Defendant's related non-discriminatory policies. Such compliance will be measured by appropriate testing and other appropriate criteria. Understanding of and compliance with the ADA and Defendant's related non-discriminatory policies shall be a component of their job descriptions upon which their performance is evaluated in their performance evaluations. Defendant agrees that the failure of any such employee to comply with the ADA and to implement or enforce

12

Defendant's related non-discriminatory policies shall result in remedial training and, if reasonably warranted under the circumstances, appropriate disciplinary action against the employee, up to and including discharge.

## ADDITIONAL REPORTING REQUIREMENTS

21.   Commencing six (6) months after entry of this Decree by the Court, Defendant shall provide semi-annual reports to the EEOC identifying, for the preceding six-month period, the names, social security numbers, last known home addresses, last known home telephone numbers, most recent job titles, most recent work locations, and dates of discharge of any and all employees discharged during the reporting period under its medical leave policy.  Respondent shall append to all such reports copies of all personnel documents related to the discharge and all medical, leave and reasonable accommodation assessment-related documentation related to the individuals listed.

## EQUITABLE RELIEF: POSTING OF NOTICE

22.   Defendant shall post copies of the Notice attached as Attachment D, in both English and Spanish, in a conspicuous location at all of its facilities and at all places where employee notices are posted.  The Notice shall be posted throughout the duration of this Decree, with such period commencing within thirty (30) days of entry of this Decree by the Court.  Such Notice shall be typed legibly using font sizes not smaller than those used in Attachment D.  If multiple pages are used for each such Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration).  In addition, Defendant shall post notice of all applicable federal equal employment opportunity laws and all other notices required by law.  In the event that any of

aforementioned notices becomes defaced, marred or otherwise made unreadable, Defendant shall immediately post a readable copy of such notice(s).

### DISPUTE RESOLUTION AND COMPLIANCE REVIEW

23.    This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

24.    Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance, in writing;

A.    If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

B.    Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such action; and

C.    Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland.

25.    Upon application to, and approval by, the Court, the Commission, its agents and employees shall have the legal authority to conduct compliance reviews, as described below, to monitor Defendant's compliance with the terms of this Decree. Prior to filing any such application with the Court, EEOC shall first submit a written request to Defendant, and Defendant shall have fifteen (15) days to respond to the request. Such compliance reviews may include access to any and all relevant documents for the purposes of inspection and duplication; interviews or depositions of any persons (at reasonable

times and locations); upon reasonable prior notice to Defendant's counsel and when reasonably necessary, inspection of any areas within Defendant's facilities; and any other investigatory technique or procedure permitted by the ADA or the Commission's regulations. Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of the Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964, the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act of 2008, and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## COURT COSTS AND ATTORNEY FEES

26.     Each party shall bear its own court costs and attorneys' fees.

## MISCELLANEOUS

27.     If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

28.     The terms of the Consent Decree are and shall be binding upon (a) Defendant; (b) all present and future parents of Defendant; (c) all present and future subsidiaries of Defendant; and (d) all trustees and successors of Defendant.

29.     This Consent Decree constitutes the entire agreement and commitments of the parties.   Any modifications to this agreement must be mutually agreed upon and

memorialized in a separate writing signed by Defendant and the EEOC and approved by the Court.

30.    When this Consent Decree requires the submission of any documents to the EEOC, if not otherwise indicated in the Decree or Attachments, they shall be mailed by Certified Mail to the Commission's Baltimore Field Office and to the attention of the Supervisory Trial Attorney Ronald L. Phillips.

**IT IS AGREED:**

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Debra M. Lawrence* BY
P. PHILLIPS
AUTHORIZATION

DEBRA M. LAWRENCE (Bar No. 04312)
Regional Attorney
EEOC-Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2734 Telephone
(410) 962-4270 Facsimile

Dated:  6/16/11

RONALD L. PHILLIPS
MARIA LUISA MOROCCO
Supervisory Trial Attorneys
CHARLES E. GUERRIER
LISA H. HERNANDEZ
Senior Trial Attorneys

**DENNY'S, INC.**

PETER J. PETESCH (Bar No. 12908)
STEVEN E. KAPLAN
Littler Mendelson, P.C.
1150 17th Street, N.W.
Suite 900
Washington, D.C. 20036
(202) 789-3434 Telephone
(866) 844-1358 Facsimile
Attorneys for Defendant Denny's, Inc.

Dated:  5 Jun 2011

LESTER NAIL
authorized corporate representative for
Defendant Denny's, Inc.

Dated: 13 June 11

16

EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2737 Telephone
(410) 962-4270 Facsimile

Dated: __6/16/11__

**IT IS SO ORDERED:**

DATED: __6/24/11__

_____
HONORABLE WILLIAM D. QUARLES, JR.
United States District Judge

## ATTACHMENT A

EEOC Claimants to receive monetary relief pursuant to Paragraph No. 6 of the Consent Decree entered in *EEOC v. Denny's, Inc.*, Case No. WDQ-06-CV-2527 (D. Md.):

| Claimant Name | Amount |
|---|---|
| 1. Pamela Becker | $23,000 |
| 2. Jeanne Coriano | $23,000 |
| 3. Mary Cruz Garcia | $23,000 |
| 4. Kendra Hatley | $23,000 |
| 5. Christine King-Tyson | $23,000 |
| 6. Patricia Lawson | $23,000 |
| 7. Tiffany Limon | $23,000 |
| 8. Linda Martin | $23,000 |
| 9. Carleen Webber | $28,000 |
| 10. Estate of Margaret Wilcox | $28,000 |
| 11. Tammy Ambrosen | $35,000 |
| 12. Joyce Ault | $35,000 |
| 13. Justine Butticci | $35,000 |
| 14. Linda DeMuth | $35,000 |
| 15. Caroline Estrada | $35,000 |
| 16. Alice Fields | $35,000 |
| 17. Martina Gomez | $35,000 |
| 18. Mendy Good | $35,000 |
| 19. Eduardo Hernandez | $35,000 |
| 20. Gregory Olds | $35,000 |

i

21. Suzen Olshan                    $35,000

22. Patricia Robertson              $35,000

23. Malika Sanders                  $35,000

24. Editha Syjuco                   $35,000

25. Andrea Wendt-Caron              $35,000

26. Steven Majors                   $45,000

27. Rex Stouffer                    $45,000

28. Bertha Robinson                 $45,000

29. Rita Ashenfelder                $50,000

30. Holly Dinger                    $50,000

31. Angela Jenkins                  $50,000

32. David Leca                      $50,000

33. Ricky Peters                    $50,000

34. Paula Hart                      $150,000

**ATTACHMENT B**

EEOC Claimants to receive offers of reinstatement pursuant to Paragraph No. 10 of the Consent Decree entered in *EEOC v. Denny's, Inc.*, Case No. WDQ-06-CV-2527 (D. Md.):

1. Rita Ashenfelder (restaurant manager)

2. Justine Butticci (general manager)

3. Holly Dinger (first available general manager or restaurant manager in Akron/Canton metro areas)

4. Eduardo Hernandez (first available general manager or restaurant manager)

5. David Leca (restaurant manager)

6. Patricia Robertson (restaurant manager)

7. Tiffanny Limon (server)

Positions listed above are for purposes of the initial written offers of reinstatement and are subject to availability and other conditions set forth in Paragraph No. 10. The listing of positions in Attachment B shall not be construed to eliminate the duty of offering appropriate alternative positions as reasonable accommodations if any Claimant is correctly determined to be unqualified to perform the essential functions of the job initially offered, with or without reasonable accommodation.

Abstract of ADA Training to be Provided Under Paragraph 15 of the EEOC/Denny's Consent Decree (Case WDQ-06-CV-2527), proposed and adopted by Denny's, Inc.

| Audience | Denny's Headquarters: Human resources, leave administration/benefits staff |
|---|---|
| | Field: Field human resources, and area and unit management |
| Method of Delivery | Electronic training adapted by vendor; formatted for computers at headquarters and for dedicated computers at unit level |
| | Program to have tracking ability on participation, and ability to quiz/interact with participants |
| Content | Basics of ADA |

**Basics of ADA**

- Definitions and expanded coverage of law under amendments
- Who is protected? (basic terms)
- No automatic list
- Examples of who may be protected
- Avoiding ADA problems in the hiring/recruitment process
- Interviewing issues: keeping the conversation focused on ability to perform the job
- Examples
- Managing performance
- Preventing harassment based on disability

Individualized Assessments and Interactive Process

- Why engage in it?
- What may trigger the process?
- Who may ask for a reasonable accommodation? (applicants, employees, their health care providers, relatives/companions, etc.)
- Involvement of headquarters
- Other parts of the assessment process (requesting relevant information on condition and work-related needs and limitations)

Reasonable Accommodation

- What is it?
- How can an accommodation be requested?
- What are the goals of reasonable accommodations?
- Enabling the individual to perform the essential functions of their job and to have equal opportunity to succeed in the job

- Equal enjoyment of other facets of the job
- Understanding the essential functions of a job (and guidance from headquarters)
- Keeping medical information confidential
- Examples of reasonable accommodations
- Responding to requests and involving headquarters

Undue Hardship and Direct Threat

- Concept (basic terms)
- Gather, discuss, and assess FACTS
- Keep medical information confidential
- Relationship of ADA and Public Health Rules
- FDA Food Code "Big 4" Pathogens
- Examples
- Practice: never assume undue hardship or direct threat to safety/health without prior consultation and approval by headquarters

Particular Issues Relating to Leaves of Absence

- Right to reinstatement exists for employees qualifying under FMLA and returning within period allowed by FMLA
- Expiration of FMLA period or period covered by STD policy does not automatically mean termination of employment
- Individuals on leave should receive notice that leave is set to expire, and reminder of opportunity to request reasonable accommodations (including additional leave)
- Requests for such accommodations shall be administered at the headquarters level, and evaluated on case-by-case basis

Discussion of elements of Denny's ADA/Accommodations Policy and Denny's Leave/STD Policy

- Summary of each policy
- Underscore involvement of headquarters as resource
- Never terminate or refuse accommodations without prior involvement of headquarters

Instructions and Resources

- Accommodation requests to be vetted with headquarters for guidance
- No terminations of employees requesting reasonable accommodations

|  | without prior involvement of headquarters |
|---|---|
|  | • No automatic terminations over expiration of leave without prior notice to employee and prior approval by headquarters |
|  | • Always use headquarters as your ADA and accommodations resource |
|  | • Potential resources available to headquarters: Job Accommodation Network, state rehabilitation agencies, vocational counselors, legal counsel, experience from other accommodation situations nationwide |
| Timing | Roll-out expected within 120 days of entry of Decree, with projected completion dates for active employees in audience within the following 180 days. |
| Duration | Completion of this e-learning module is expected to take approximately one hour for most individuals participating in the module; headquarters human resources and leave administration personnel have received or are to receive additional instruction. |

**ATTACHMENT D**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order voluntarily resolving a disability discrimination lawsuit brought by the U.S. Equal Employment Opportunity Commission (EEOC), an agency of the federal government, against Denny's, Inc. In that lawsuit, called EEOC v. Denny's, Inc., Case No. WDQ-06-CV-2527 (U.S. District Court for the District of Maryland), EEOC charged Denny's with violations of the Americans With Disabilities Act of 1990 (ADA).

The lawsuit charged that Denny's violated the ADA by implementing a medical leave of absence policy that limited the length of such leaves to not longer than six months without allowance for additional leave beyond six months that may be required by some ADA-qualified disabled employees as a form of reasonable accommodation, extra time to enable them to obtain medical treatment, rehabilitate, and recover before returning to work at Denny's.

The Americans With Disabilities Act requires employers to provide reasonable accommodations to help disabled employees as long as those accommodations do not create an undue hardship on the business. Extensions of medical leave and granting disabled employees exemptions from the requirements of certain policies that apply to all other, non-disabled employees can be forms of reasonable accommodation in appropriate circumstances.

Denny's has changed its medical leave of absence policy and will provide extensions of employees' medical leaves of absence beyond the six-month limit when appropriate or required by law. The decision whether to grant additional medical leave is made by Denny's corporate. You may contact the following Denny's department to request an extension of your leave of absence:

Total Rewards Department, 1-800-859-2244.

A copy of this Notice will be posted in a conspicuous place where employee notices are ordinarily placed and will be replaced if it becomes defaced, marred or otherwise made unreadable.

**Date Posted:**
**By:**

_____

**Denny's, Inc.**